BOOTH, Judge,
dissenting.
The order of the agency should be reversed and appellant granted the requested relief because the agency failed to follow Section 120.60(2), Florida Statutes, requiring the agency to act on license applications within 90 days and because Section 400.504, Florida Statutes, provides for licensing, and not certificate of need (CON) proceedings, in cases such as this. The agency’s adoption of the term “subunit” by rule is without statutory basis and is inconsistent with the statute, which specifies “subdivision” as the only organizational component of “home health agency.” § 400.462(2), Fla.Stat. The rule-created category of “subunit” remained in effect until April of 1986, but was deleted during the pendency of the proceedings below.[1] Thus, the basis for the agency’s undertaking to require CON proceedings, despite the express exemption of Section 400.504 for home health agencies licensed prior to April 30, 1976, had ceased to exist at the *265 time of the final order. Since April 30, 1986, the rules have contained no reference to “subunit,” and its attendant consequences presumably no longer exist.
Applications in the instant case were filed prior to the deletion of “subunit” terminology. It should be noted, however, that the provision was of doubtful validity, particularly as newly interpreted [2] in these proceedings, to require CON proceedings, incidentally avoiding thereby the 90-day requirement of Section 120.60.[3] This court should decline to uphold the agency’s application of the now deleted category and either reverse and grant the requested relief (license by default) or remand for the agency to reconsider its order under this court’s opinion in Couch Construction Company v. Department of Transportation, 361 So.2d 172 (Fla. 1st DCA 1978). In Couch, the agency disqualified a low bidder based on the bidder's failure to comply with an agency rule, and rejected all bids. Thereafter, during the pendency of the proceedings before the agency, the agency abolished the rule. This court ruled that the agency would be required to reconsider its order on remand in the light of facts “learned” including deletion of the rule, at the time of the final order.
As for public policy considerations, the stifling of competition and threat of monopoly, etc., these are matters best addressed by the Legislature. The latest expression of legislative intent in that regard is the repeal of Sections 381.493 and 381.494, Florida Statutes. The agency cites these statutes in its final orders below as a basis for its determination of legislative intent, but they have since been repealed.[4]
More persuasive is the reasoning of Hearing Officer Diane Tremor, who recommended granting the licenses for Brandon and Holiday, ruling[5] in part as follows:
HRS's concern regarding the proliferation of home health agencies on the part of existing, grandfathered providers and the potential stifling of competition and creation of a monopoly in the service area disregards the fact that an existing grandfathered subunit in a county is already licensed to serve all patients within that county, with or without additional subunits or physical facilities. Need criteria are generally measured with reference to a geographical area and existing services in that area. The only evidence of record in this proceeding is that petitioner, through existing grandfathered subunits in Pasco and Hillsborough Counties, already serves patients residing in those counties and simply wishes to better serve those patients by adding subunits physically located nearer some of those patients. HRS has failed to justify its fear of a stifling of competition or a monopoly under these circumstances.
The Legislature, in Section ⅛00.50⅛, Florida Statutes, appears to have placed no limitations or restrictions on the rights of licensure mthout a CON by home health agencies which otherwise qualify for grandfathered status. To allow the agency to do so in the absence of a valid rule or a fully explicated and justified non-rule policy would be erroneous. HRS has failed to demonstrate that either its “Matrix” or its interpretation and application of its *266 “Matrix” to petitioner’s two proposed subunits in counties within which petitioner operated and provided services under a Medicare provider number prior to April 30, 1976, are justifiable or reasonable interpretations of Section 400.504, Florida Statutes, (emphasis supplied)
The final order accepts the findings but rejects the conclusion and recommendation of Hearing Officer Tremor.
I would remand with directions that the agency adopt the Tremor order and grant the four license applications.

. Recommended orders were entered February 12 and April 8, 1986. Rules were changed to eliminate "subunit” language on April 30, 1986. Final orders were entered on June 13 and July 16, 1986.

. The agency’s previous interpretation of its "subunit" language has been contrary to the agency’s interpretation in these proceedings. Previously, licenses were granted to "grandfathered” home health agencies without there being a requirement for a CON. The new interpretation was made without there being any change in statutory law or rule change. The agency initially indicated its intent to grant the licenses here in question as had been its custom and then changed its position based on a new interpretation.

. Gulf Coast Home Health Services v. Pingree, 476 So.2d 760 (Fla. 1st DCA 1985), mandated issuance of license by default under Section 120.60(2), Florida Statutes.

. Sections 381.493 and 381.494, Florida Statutes, were repealed by Chapter 87-92, Section 49, Laws of Florida, filed June 17, 1987, effective October 1, 1987, after briefing was completed in this case.

. The other part of these consolidated cases was before a different hearing officer who recommended denial of the licenses for Tarpon Springs and Hudson.